**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,             ) | CR 07-339-PCT-JAT |
|                                       ) |  |
|             Plaintiff,                ) | **ORDER** |
|                                       ) |  |
| vs.                                   ) |  |
|                                       ) |  |
| Richard Dion Carl,                    ) |  |
|                                       ) |  |
|             Defendant.                ) |  |
|                                       ) |  |

Pending before the Court is Defendant's Motion to Preclude Evidence of his alleged attempt to avoid arrest (Doc. #20). The Court now rules on the motion.

**I. BACKGROUND**

Defendant Richard Dion Carl was charged with Assault Resulting in Serious Bodily Injury in violation of Title 18 U.S.C. §§ 1153 and 113(a)(6). On November 2, 2006, Defendant arrived at his aunt's house. Motion to Preclude Evidence ("Motion") at 1. Defendant's aunt, Hattie Carl, asked the defendant to leave and when he refused, Ms. Carl attempted to contact the police. *Id.* Defendant told FBI agents that he assaulted Ms. Carl, and broke two bones in her left arm, to prevent her from calling the police. Response to Motion to Preclude ("Response") at 1.

On March 5, 2007, a BIA SA and a Hopi Police Officer contacted Defendant at his mother's residence in Keams Canyon, Arizona. Motion at 2. Defendant asked to obtain personal items from his room before he was taken into custody, and Defendant subsequently

1  escaped out his bedroom window after the officers granted his request. *Id*. The officers
2  pursued Defendant on foot and eventually found him two miles away hiding in a small cave.
3  Response at 1-2.

4  Defendant filed a motion to preclude evidence of his alleged attempt to avoid arrest
5  (Doc. #20), and the United States filed a Response (Doc. #21).

6  **II. LEGAL ANALYSIS AND CONCLUSION**

7  Defendant moves to preclude evidence of his attempt to avoid arrest, pursuant to
8  Federal Rules of Evidence 401, 402 and 403. Federal Rule of Evidence 401 defines relevant
9  evidence as "evidence having any tendency to make the existence of any fact that is of
10 consequence to the determination of the action more probable or less probable than it would
11 be without the evidence." All relevant evidence is admissible, and all evidence which is not
12 relevant is inadmissable. Fed. R. Evid. 402. Defendant argues that his conduct four months
13 after the alleged assault is not relevant because he was not aware of the officers' motives for
14 contacting him, and therefore his flight is not sufficiently related to the assault charge to
15 allow a flight instruction.

16 A flight instruction to the jury is "valid only if there is evidence sufficient to support
17 a chain of unbroken inferences from the defendant's behavior to the defendant's guilt of the
18 crime charged." *United States v. Silverman*, 861 F.2d 571, 581 (9th Cir. 1988). The Ninth
19 Circuit has adopted the test announced by the Fifth Circuit in *United States v. Myers*, 550
20 F.2d 1036, 1049 (5th Cir. 1977). Specifically, the probative value of the flight as evidence
21 of guilt "depends upon the degree of confidence with which four inferences can be drawn:
22 (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from
23 consciousness of guilt, to consciousness of guilt concerning the crime charge; and (4) from
24 consciousness of guilt concerning the crime charged, to actual guilt of the crime charged."
25 *Myers*, 550 F.2d at 1049. In evaluating whether these inferences are warranted, the Court
26 must determine "whether the defendant knew the police suspected him of a particular crime"
27 and "whether the defendant fled immediately after the crime." *United States v. Dixon*, 201
28 F.3d 1223, 1232 (9th Cir. 2000). The immediacy requirement generally becomes important

1 only when the defendant does not know of the charges made against him, or when his
2 knowledge is doubtful. *United States v. Hernandez-Miranda*, 601 F.2d 1104, 1106 (9th Cir.
3 1979).

4 Defendant argues that because the arrest occurred four months after the assault,
5 Defendant's flight from the officers could have alternative explanations or inferences besides
6 consciousness of guilt. The possibility of other reasons to support a defendant's decision to
7 take flight does not alone make a flight instruction improper. *Hernandez-Miranda*, 601 F.2d
8 at 1107. Though the officers' attempt to apprehend Defendant was not directly after the
9 commission of the alleged assault, the lack of immediacy does not prevent a flight instruction
10 if Defendant was aware that the officers suspected him of the particular crime.

11 Defendant claims that he was not aware that the officers had a warrant for his arrest,
12 whereas the officers assert that they informed Defendant of the federal arrest warrant against
13 him for the assault when they first arrived at his house. Response at 1. There is no evidence
14 in the record besides Defendant's motion to support Defendant's claim that the officers did
15 not inform him of the arrest warrant issued against him for the assault. Further, Defendant's
16 unsubstantiated assertion in his motion that he fled without knowing the purpose of the
17 officers' presence in his home is contradicted by the officers' claim that they identified the
18 charges against Defendant. Based on this record, the Court will allow the officers to testify
19 regarding their arrest of Defendant and if they testify consistent with the response,
20 specifically that they advised Defendant of the charges against him, the Court will allow the
21 evidence of flight. However, this ruling is subject to reconsideration following the testimony
22 presented at trial to substantiate either party's assertion regarding Defendant's knowledge
23 of the warrant for his arrest.

24 Defendant argues that the reasons behind his flight are merely speculative, and that
25 providing a flight instruction to the jury would require "a trial within a trial" to determine the
26 motive behind Defendant's flight. However, testimony at trial for Defendant's assault charge
27 will sufficiently address the circumstances surrounding Defendant's arrest. If the evidence
28 produced at trial supports Defendant's contention that he was unaware of the specific charges

1  against him at the time he fled from the officers, Defendant may again move to preclude
2  evidence of his attempted flight.

3  Defendant also moves to preclude evidence of his flee attempt pursuant to Federal
4  Rule of Evidence 403.  According to Federal Rule of Evidence 403, evidence may be
5  excluded if its value "is substantially outweighed by the danger of unfair prejudice, confusion
6  of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or
7  needless presentation of cumulative evidence."  Federal Rule of Evidence 403 "requires the
8  district court to balance the probative value of the evidence against its prejudicial effect."
9  *United States v. Holler*, 411 F.3d 1061, 1067 (9th Cir. 2005).  Defendant does not offer an
10 argument that the probative value of evidence of his flight would have an unduly prejudicial
11 effect on Defendant.  There is no evidence to suggest that the evidence of Defendant's flight
12 would cause confusion or waste the Court's time, as Defendant alleges.  Motion at 3.
13 Further, the flight evidence, if admitted, has probative value in demonstrating Defendant's
14 consciousness of guilt.  Though courts may exclude evidence that is of limited value, and
15 thus is more prejudicial than probative, *see Jones v. Wal-Mart Stores, Inc.*, 279 F.3d 883, 886
16 (9th Cir. 2002), based on the record at this time, this Court finds that the probative value of
17 the evidence of Defendant's flight outweighs the prejudicial effect against the Defendant.
18  Accordingly,
19  **IT IS ORDERED** that Defendant's Motion to Preclude Evidence (Doc. #20) is
20 denied.
21  DATED this 27th day of June, 2007.

_____
James A. Teilborg
United States District Judge