**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 07-339-PCT-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Richard Dion Carl, | |
| Defendant. | |

Pending before the Court is the Government's motion in limine to preclude Defendant from raising voluntary intoxication as a defense (Doc. # 33). The Government seeks to prevent the Defendant from using the defense on the grounds that the Defendant is charged with a general intent crime for which voluntary intoxication is not an available defense. Defendant has not submitted a response to the Government's motion.

**DISCUSSION**

Defendant is charged with Assault Resulting in Serious Bodily Injury which is a general intent crime and thus does not require proof of specific intent to injure the victim. See, e.g., United States v. McInnis, 976 F.2d 1226, 1234 (9th Cir. 1992); United States v.

Fitzgerald, 882 F.2d 397, 399 (9th Cir. 1989).[1]  Voluntary intoxication is only available as a defense for specific intent crimes.  United States v. Burdeau, 168 F.3d 352, 255 (9th Cir. 1999).  Therefore, in the present case, the defense of voluntary intoxication is not available to the Defendant.

**CONCLUSION**

Because the Defendant has been charged with a general intent crime he is precluded from raising voluntary intoxication as a defense.

**IT IS ORDERED** that Government's motion in limine to preclude Defendant from raising voluntary intoxication as a defense (Doc. # 33) is **GRANTED**.

DATED this 10th day of July, 2007.

James A. Teilborg
United States District Judge

---

[1] Per the 1994 Amendment, Assault Resulting in Serious Bodily Injury is no longer listed as 18 U.S.C. § 113(f), but is now listed as 18 U.S.C. § 113(a)(6).  18 U.S.C.A. § 113 (2000).